UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY LLOYD,<br><br>            Plaintiff,<br><br>  v.<br><br>SHAWN BUZELL, ROCHA PASCUAL, KEITH A. HALL,<br><br>            Defendants. | CASE NO. 3:19-CV-6239-BHS-DWC<br><br>ORDER |

      The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently pending before the Court is Defendants' Partial Motion to Dismiss Pursuant to FRCP 12(b)(6) (hereinafter "Motion") (Dkt. 14) and Plaintiff's Motion for a Copy of the Court Files (Dkt. 20).

      The Court finds Plaintiff has failed to state a claim upon which relief can be granted in the Complaint as to his official capacity claims, deliberate indifference claims, and request for injunctive relief. Therefore, the Court grants the Motion (Dkt. 14) with leave to file an amended complaint. Plaintiff's Motion for a Copy of the Court Files (Dkt. 20) is denied.

## I. Background

Plaintiff Larry Lloyd was housed at the Kitsap County Jail at the time of the alleged constitutional violations.[1] Dkt. 5. Plaintiff alleges Defendants Shawn Buzell (corrections officer), Rocha Pascual (corrections officer), and Keith Hall (sergeant), violated Plaintiff's constitutional rights under the Eighth and Fourteenth Amendments. Dkt. 5. Specifically, Plaintiff alleges Defendants used excecessive force and denied Plaintiff medical treatment. Dkt. 5.

Defendants filed their Motion on April 2, 2020.[2] Dkt. 14. Defendants seek dismissal of Plaintiff's deliberate indifference claim, Plaintiff's claims against Defendants in their official capacities, and Plaintiff's claim for injunctive relief. *Id.* Defendants do not seek dismissal of Plaintiff's excessive force claim. *Id.* Plaintiff filed a Response, Defendants filed a Reply, and Plaintiff filed a Surreply.[3] Dkt. 16, 19, 21. As Plaintiff is proceeding *pro se* and Defendants did not object to the Surreply, the Court also considered Plaintiff's Surreply in ruling on the Motion.

## II. Plaintiff's Allegations

On September 12, 2018, while a pretrial detainee at Kitsap County Jail, Plaintiff alleges Defendant Buzzell and Rocha used excessive force with the approval of Defendant Hall. Dkt. 5. Plaintiff alleges he and another inmate were arguing at a lunch table and Defendant Buzzell removed the other inmate from the unit. *Id.* at 15.

Defendant Buzzell then advised Plaintiff to move to another unit. *Id.* at 3, 15-16. Plaintiff alleges he asked Defendant Buzzell why he was moving, and Defendant Buzzell responded

---

[1] Plaintiff is currently confined at the Coyote Ridge Corrections Center in Connell, Washington. *See* Dkt.
[2] Defendants re-noted the Motion and filed the *Rand* and *Wyatt* notice on April 23, 2020. Dkt. 18.
[3] Plaintiff's filing is entitled "Plaintiff's Objections to Defendants Rule 56 Motion before Propert Court Scheduling Discovery Deadline in Case." Dkt. 21, which the Court construes as a Surreply.

1 "pack up or cuff up." *Id.* Plaintiff alleges he stood up and proceeded to his cell. *Id.* Plaintiff
2 alleges Defendant Buzzell pushed Plaintiff against a table and cuffed him. *Id.*

3 Once Plaintiff was in the new unit, Plaintiff alleges Defendant Buzzell pushed Plaintiff
4 face first to the wall. *Id.* Defendant Buzzell then pushed Plaintiff face down, placed his knee on
5 the side of Plaintiff's head, and repeatedly kicked Plaintiff while pushing Plaintiff's head into the
6 floor. *Id.* Plaintiff alleges he was not resisting. *Id.* Plaintiff alleges Defendant Hall nodded his
7 head in approval and did not stop Defendant Buzzell. *Id.*

8 Plaintiff alleges while he was face down, Defendant Rocha started yelling and kicking
9 Plaintiff. *Id.* Plaintiff alleges Defendant Rocha placed Plaintiff in a "figure four position/stance"
10 and struck Plaintiff's leg while Defendant Buzzell was holding Plaintiff's head to the floor with
11 his knee. *Id.* Plaintiff alleges he was not resisting and Defendant Hall continued to watch and did
12 nothing to stop the actions of Defendants Rocha or Buzzell. *Id.*

13 Plaintiff alleges he suffered a broken tooth, neck sprain, muscle injuries, and a left knee
14 injury as a result of the use of force. *Id.* at 4. Plaintiff seeks monetary damages and injunctive
15 relief. *Id.* at 4.

16 **III.    Standard of Review**

17 A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual
18 allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell*
19 *Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471. Where, as here, exhibits are attached to a complaint, the exhibits are deemed part of the complaint for all purposes, including for purposes of determining the sufficiency of the plaintiff's claims. *See* Fed.R.Civ.P. 10(c); 5A Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1327, at 443-44 (2002).

**IV.    Official Capacity Claims**

Plaintiff seeks to sue Defendants in their individual and official capacities. Dkt. 5 at 13. However, Plaintiff's claims against Defendants in their official capacities are the equivalent of an action against Kitsap County itself, since official capacity suits "generally represent[ ] only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 689 n. 55, (1978). When a plaintiff seeks to impose liability

on local governments under § 1983, such as Plaintiff's claims through his official-capacity claims against Defendants, a plaintiff must show the municipality employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690-91 (1978). Specifically, a plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). Hence, for a plaintiff to recover against a county, claiming supervisory liability is not enough; a county may only be held liable if its policies or customs are the "moving force behind the constitutional violation." *City of Canton*, 489 U.S. at 389 (quoting *Monell*, 436 U.S. at 694).

In this case, Plaintiff has not alleged facts showing Kitsap County or Defendants in their official capacities are liable under § 1983. Plaintiff alleges Defendants used excessive force and acted with deliberate indifference, but Plaintiff has not identified a policy, custom, or pattern implemented by Kitsap County which resulted in deprivation of Plaintiff's constitutional rights. If Plaintiff intends to pursue a claim against Defendants in their official capacity or against Kitsap County, he must allege facts sufficient to meet the required elements of a claim against a county, and show the county violated his constitutional rights.

**V.  Deliberate Indifference**

Plaintiff alleges Defendants violated his rights under the Eighth and Fourteenth Amendments which amounted to deliberate indifference. Dkt. 5. Defendants move to dismiss this claim, contending Plaintiff has failed to plead sufficient facts to support a claim for

deliberate indifference. Dkt. 14 at 5. Defendants construe Plaintiff's allegations as raising a claim based on the lack of adequate medical treatment. *See id.*

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted). To avoid dismissal for failure to state a claim, Plaintiff must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-557 (2007). A claim upon which the court can grant relief has facial plausibility; in other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949.

Based on the allegations in the Complaint, Plaintiff was not incarcerated following a formal adjudication of guilt at the time of the alleged violations. Dkt. 5. A pretrial detainee's right to adequate medical care arises under the due process clause of the Fourteenth Amendment. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1120 (9th Cir. 2018). The elements of such a claim are: (1) "the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) "those conditions put the plaintiff at substantial risk of suffering serious harm"; (3) "the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 1125.

Here, Plaintiff references the Eighth and Fourteenth Amendments and alleges Defendants acted with deliberate indifference. Dkt. 5. To the extent Plaintiff does attempt to raise a separate

claim related to his medical treatment, Plaintiff's does not allege Defendants were responsible for Plaintiff's medical treatment, or how Defendants had subjective knowledge of an serious medical need and disregarded such a risk. Further, Plaintiff's allegations related to his excessive force claim do not automatically support a claim that Defendants acted with deliberate indifference as to Plaintiff's medical needs. Only if Defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health ....," *Farmer,* 511 U.S. at 837, may plaintiff pursue a claim against Defendants for denial of access to medical care in violation of the Fourteenth Amendments.

Accordingly, the Court finds Plaintiff has failed to state a claim and grants Defendants' Motion as to Plaintiff's medical treatment claim. However, the Court grants Plaintiff leave to amend this claim. If Plaintiff wishes to pursue a claim for inadequate medical treatment, he must provide an amended complaint with a short, plain statement explaining exactly what actions were taken by an individual Defendant, and how each Defendant's actions violated plaintiff's constitutional rights.

**VI.   Injunctive Relief**

Plaintiff requests injunctive relief in the form of a preliminary and permanent injunction ordering Defendants to cease physical violence and threats towards Plaintiff. Dkt. 5 at 27. Defendants seeks dismissal of the request for injunctive relief because Plaintiff has not shown a real or immediate threat that he will be harmed again. Dkt. 14.

In the Ninth Circuit, a plaintiff may establish standing for prospective injunctive relief when "the alleged threatened injury is sufficiently likely to recur." *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010). Put another way, a plaintiff must "demonstrate 'that he is realistically threatened by a repetition of [the violation].'" *Melendres v. Arpaio*, 695 F.3d 990,

997–98 (9th Cir. 2012) (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 109 (1983)). A plaintiff may prove that such an injury is likely to recur by showing: (1) "the defendant had, at the time of the injury, a written policy, and that the injury 'stems from' that policy;'" or (2) "the harm is part of a 'pattern of officially sanctioned behavior, violative of the plaintiffs' [federal] rights.'" *Id.* (quoting *Mayfield v. United States,* 599 F.3d 964, 971 (9th Cir. 2010). "[W]hen a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility." *Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action."). An exception to the mootness doctrine exists if a plaintiff shows there is a "reasonable expectation" or "demonstrated probability" he will return to the prison from which he was transferred. *See Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986).

      At the time of the alleged actions raised in the Complaint, Plaintiff was housed at Kitsap County Jail, but he is now confined at Coyote Ridge Corrections Center. *See* Dkt. 5. Plaintiff has not alleged the threat of future injury by Defendants is either real or immediate. *See* Dkt. 5. Plaintiff has not shown his injuries stem from a written policy or the harm he suffered is part of a pattern of officially sanctioned behavior. Plaintiff has not alleged any facts demonstrating he will return to Kitsap County Jail in the future or that there is a very significant possibility Defendants will use excessive force if he is housed there in the future. *See Nelsen v. King Cty.*, 895 F.2d 1248, 1250 (9th Cir. 1990) (what "a plaintiff must show is not a probabilistic estimate that the general circumstances to which the plaintiff is subject may produce future harm, but rather an individualized showing that there is 'a very significant possibility' that the future harm will

ensue"); *Hodgers–Durgin v. De La Vina*, 199 F.3d 1037 (9th Cir. 1999) (holding motorists who were stopped near the United States/Mexico border allegedly due to their Hispanic appearance had no standing to pursue injunctive relief against officials of the United States Border Patrol; the fact the motorists had each been stopped only one time in approximately ten years established it was unlikely they would be stopped again). Therefore, the Court finds Plaintiff has not alleged facts demonstrating he has standing to pursue injunctive relief.

Moreover, the undersigned grants Plaintiff leave to file an amended complaint. Thus, at this juncture, the court does not have before it an actual case or controversy. *Zepeda v. United States Immigration Service,* 753 F.2d 719, 727 (9th Cir. 1985) (Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Accordingly, Plaintiff's request injunctive relief is denied as moot. However, Plaintiff is granted leave to amend his Complaint to allege facts, if any, to support injunctive relief.

**VII.   Leave to Amend**

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). The Court finds Plaintiff has failed to allege facts sufficient to demonstrate an Eighth Amendment deliberate indifference claim, show Defendants are liable in their official capacities, or demonstrate injunctive relief is proper. However, Plaintiff was not notified of the specific deficiencies in his Complaint and has not been given an opportunity to amend his Complaint with such notice. At this time, the Court cannot conclude Plaintiff is unable to overcome the

deficiencies of the Complaint if he is given an opportunity to amend. Accordingly, the Court grants the Motions to Dismiss, but gives Plaintiff leave to amend to attempt to cure the deficiencies of his Complaint.[4]

**VIII. Instructions to Plaintiff**

The Court orders Plaintiff to file an amended complaint on or before July 6, 2020. Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original Complaint by reference. The amended complaint will act as a complete substitute for the Complaint, and not as a supplement.

Any new claims raised in the amended complaint must relate to the allegations contained in the Complaint. "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U .S.C. § 1915(g)). Thus, Plaintiff may not change the nature of his suit by adding new, unrelated claims in his amended complaint. *Id*. (no "buckshot" complaints).

---

[4] The dismissal of claims with leave to amend is a non-dispositive matter. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Therefore, in the interest of judicial efficiency and because the Court is granting leave to amend, the Court enters an order granting the Motions to Dismiss, not a Report and Recommendation. *See Hopkins v. Washington State Special Commitment Center Chief Medical Director*, 2016 WL 3364933 (W.D. Wash. June 17, 2016) (finding dismissal with leave to amend is non-dispositive and considering objections under Federal Rule of Civil Procedure 72(a)).

Failure to file an amended complaint on or before July 6, 2020 will result in the Court recommending dismissal of this lawsuit.

**IX.    Motion for Copy of Court Files (Dkt. 20)**

Plaintiff moves for a copy of his complete case file. Dkt. 20. Plaintiff alleges his legal files are missing since he was transferred to a new housing unit. Dkt. 20 at 2.

To receive copies from the Court, the requesting party must pay $0.50 per page. As Plaintiff has not provided the necessary payment, his Motion for Copy of Court Files (Dkt. 20) is denied. The Clerk's Office is directed to send Plaintiff copies of the Court's fee schedule and the copying charge letter.   To the extent Plainiff is alleging that prison staff are interfering with his access to the courts, he must file a new, separate civil rights complaint under 42 U.S.C. § 1983. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U .S.C. § 1915(g)) (a plaintiff may not change the nature of his suit by adding new, unrelated claims in his amended complaint.).

Plaintiff is also advised he must include the complete case number on all future filings. Failure to do so may result in a return of his filings without entering them on the docket.

**X.    Conclusion**

The Court finds Plaintiff has failed to sufficiently state a claim against Defendants under the Eighth and Fourteenth Amendments as to Plaintiff's official capacity claims, inadequate medical treatment claim, and claim for injunctive relief. Therefore, Defendants' Motion to Dismiss (Dkt. 14) is granted.  However, the Court finds Plaintiff may be able to cure the deficiencies of his Complaint and, thus, Plaintiff is given leave to amend the Complaint. The amended complaint must be filed on or before July 6, 2020. Plaintiff's Motion for Copy of Court Files (Dkt. 20) is denied.

1  The Clerk is directed to provide Plaintiff the appropriate forms for filing a 42 U.S.C. §
2  1983 civil rights complaint. The Clerk is further directed to provide a copy of this Order to
3  Plaintiff.

4  Dated this 4th day of June, 2020.

_____
David W. Christel
United States Magistrate Judge