UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY LLOYD,

               Plaintiff,

     v.

SHAWN BUZELL et al.,

               Defendants.

CASE NO. C19-6239 BHS-DWC

ORDER

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge David W. Christel.  Before the Court are two motions: (1) Plaintiff's Motion to Appoint Counsel (Dkt. 27) and (2) Plaintiff's Motion/Request for Order CRCC Administrative Assistant Legal Photo Copying ("Motion for Copies") (Dkt. 34). The Court denies both motions.

    1.  <u>Motion to Appoint Counsel (Dkt. 27)</u>

Plaintiff moves for the appointment of counsel, arguing he is unable to afford counsel and his imprisonment limits his ability to litigate this matter. Dkt. 27.  Plaintiff also appears to

raise separate access to courts and deprivation of property claims, which are addressed below, *see supra* Section 2.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In Plaintiff's Motion, he states he is unable to afford an attorney and his imprisonment greatly limits his ability to litigate this case. Dkt. 27. Plaintiff contends he has limited access to legal materials and has limited legal knowledge. *Id.*

At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown he is likely to succeed on the merits of his case or shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. For example, Plaintiff clearly articulated his claims in his Complaint and various documents filed with the Court. *See* Dkt. 5, 16, 20, 26. The Court also notes "Plaintiff's

incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009). While Plaintiff may be able to better litigate this case with appointed counsel, that fact, alone, does not establish an extraordinary circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525; *Wilborn*, 789 F.2d at 1331.Therefore, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time.

Accordingly, Plaintiff's Motion (Dkt. 27) is denied without prejudice.

2.   Motion for Copies (Dkt. 34)

Plaintiff moves for the Court to order the Coyote Ridge Corrections Center ("CRCC") Administrative Assistant to provide Plaintiff with photocopies of his discovery documents. Dkt. 34. Plaintiff alleges he presented his discovery documents to the law librarian and requested legal photocopies. Dkt. 34. Plaintiff alleges he was informed he had to pay for the copies. *Id.* at 3. He also alleges he has been denied carbon paper to help with drafting of his pleadings. Dkt. 34 at 4.

First, although the Court granted plaintiff's application to proceed *in forma pauperis,* (Dkt. 3), the *in forma pauperis* statute, 28 U.S.C. § 1915, only waives the filing fee for an indigent prisoner's civil rights complaint, and it does not require the Court to order financing of the entire action or waiver of fees or expenses for discovery. *Hadsell v. Comm'r Internal Revenue Serv.,* 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst,* 990 F.2d 478, 480 (9th Cir. 1993); *Tedder v. Odel,* 890 F.2d 210, 211–12 (9th Cir. 1989) (per curiam). Thus, Plaintiff is financially responsible for all other costs of litigation including the cost of obtaining discovery documents.  *See Lewis v. Casey*, 518 U.S. 343, 384 (1996) (an inmate's constitutional right of

1  access to the courts does not impose "an affirmative obligation on the states to finance and

2  support prisoner litigation"); *Manley v. Zimmer*, 2013 WL 5978021, *3-4 (D. Nev. Nov. 8, 2013)

3  (finding the expenses for the plaintiff's discovery should be borne by the plaintiff, and not the

4  responsibility of the defendants).

5         In addition, to the extent Plaintiff attempts to raise a deprivation of property or access to

6  the courts claim, *see* Dkt. 27, 34, Plaintiff is advised if he seeks to raise claims that occurred

7  after he filed this case, he must file a separate cause of action. An amended complaint may not

8  change the nature of a suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605,

9  607 (7th Cir. 2007) (no "buckshot" complaints); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of

10  defendants not permitted unless both commonality and same transaction requirements are

11  satisfied).

12         Accordingly, Plaintiff's Motion for Copies (Dkt. 34) is denied.

13         Dated this 11th day of August, 2020.

14

15

        David W. Christel
16      United States Magistrate Judge

17

18

19

20

21

22

23

24

ORDER - 4