UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY LLOYD,

             Plaintiff,

v.

SHAWN BUZELL et al.,

             Defendants.

CASE NO. 3:19-CV-06239-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: February 26, 2021

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff filed a Motion for Order to Show Cause for a Preliminary Injunction and Extension of Time ("Motion") on December 3, 2020.[1] Dkt. 55. The Court concludes Plaintiff is seeking injunctive relief against non-parties. Accordingly, the Court recommends the Motion (Dkt. 55) as to Plaintiff's request for injunctive relief be denied.

---

[1] In the interests of judicial efficiency and resolution of the issues, the Court addressed Plaintiff's request for an extension in a separately filed order. *See* Dkt. 68. Also pending is Plaintiff's Motion to Appoint Counsel, which is ready for the Court's consideration on February 19, 2021, and will be addressed in a separately filed order. Dkt. 67.

### I.   Background

In the Amended Complaint, Plaintiff alleges while detained at the Kitsap County Jail, Defendants Buzell, Pascual, and Hall used excessive force and violated Plaintiff's due process rights. Dkt. 26. Defendants are employed by the Kitsap County Jail as correctional officers. *See* Dkt. 26. On July 2, 2020, Defendants filed an Answer, and on July 7, 2020, the Court entered the Pretrial Scheduling Order. Dkt. 30, 31.

On July 31, 2020, Plaintiff served Defendant Hall his first request for production of documents/video CDs. Dkt. 63. Included in the discovery request was a request for Kitsap County Jail surveillance footage. *Id.* Defendant Hall responded, objecting to the discovery request because there are depictions of other inmates at the Kitsap County Jail. *Id.* Defendant Hall stated he would release the footage subject to a mutually agreed upon protective order. *Id.*

On October 13, 2020, the parties filed a Stipulated Protective Order (Dkt. 45), which the Court entered on October 15, 2020. Dkt. 45, 46. The Protective Order prevents disclosure of image and audio evidence from any electronic recording of inmates in the Kitsap County Jail pursuant to several conditions. Dkt. 46. Plaintiff was permitted to review the recording of jail surveillance footage and was required to return the copy of the recording to the Kitsap County Prosecutor's Office upon resolution of this case. Dkt. 46. On November 5, 2020, Defendants mailed Plaintiff the recording. Dkt. 62 at 2; Dkt. 63.

On December 3, 2020, Plaintiff filed the Motion. Dkt. 55. Plaintiff, now housed at the Coyote Ridge Corrections Center ("CRCC"), alleges non-parties employed by the Department of Corrections ("DOC") – Jeffrey A. Uttecht (CRCC Superintendent), John Turner (CRCC mailroom sergeant), Victoria Tapia (CRCC staff), and Lori Wonders (CRCC law librarian

assistant)[2] – rejected Plaintiff's mail and "obstruct[ed]" legal access. Dkt. 55 at 2. Plaintiff asks for a preliminary injunction to order Ms. Wonders to stop interfering with Plaintiff's review of evidence, specifically the surveillance video recording which was sent to Plaintiff via mail. *Id.*

On December 21, 2020, the Court ordered Defendants to file a response to the Motion and re-noted the Motion for January 29, 2021. Dkt. 56. On January 21, 2021, Defendants filed a Response and a Declaration of Counsel, John Purves. Dkt. 62, 63. Defendants state they do not have standing to oppose or agree with Plaintiff's request for preliminary injunction against the DOC and it appears Plaintiff is engaged in a dispute with the DOC over his ability to view the discovery materials. Dkt. 62 at 2. Counsel for Defendants states Plaintiff has not sought any relief from Defendants as to the issuance of the discovery at issue and Defendants await resolution of Plaintiff's dispute with the DOC for guidance on how to proceed. Dkt. 63. On January 28, 2021, Plaintiff filed a Reply. Dkt. 64.

**II.     Discussion**

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction

---

[2] Plaintiff also alleges Ms. Wonders retaliated against him. *See* Dkt. 55 at 10. If Plaintiff seeks to file a separate claim of retaliation against Ms. Wonders, he must do so in a separate civil rights lawsuit, *see supra.*

1 must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable

2 harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4)

3 "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20,

4 (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a

5 preliminary injunction is proper if there are serious questions going to the merits; there is a

6 likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of

7 the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072

8 (9th Cir. 2012).

9       In the Motion, Plaintiff requests the Court enter an order directing non-party Ms.

10 Wonders to allow Plaintiff access the surveillance video recording. Dkt. 55. Ms. Wonders is not

11 a party to this lawsuit. *See* Dkt. 26. Nor are any of the other DOC employees identified in the

12 Motion parties to this lawsuit. *See* Dkt. 26, 55. This Court cannot issue an order against an

13 individual who is not a party to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine*

14 *Research, Inc.,* 395 U.S. 100 (1969); *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983)

15 ("A federal court may issue an injunction if it has personal jurisdiction over the parties and

16 subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons

17 not before the court."); Fed. R. Civ. P. 65(d)(2) (providing that a preliminary injunction binds

18 only parties; the parties" officers, agents, servants, employees, and attorneys; and other persons

19 who are in active concert or participation with them). Plaintiff has failed to establish how any of

20 the named Defendants were or are involved in denying Plaintiff the ability to receive the

21 surveillance video recording at CRCC. Rather, the evidence reflects Defendants, all Kitsap

22 County Jail correctional officers, mailed Plaintiff the requested discovery based on the

23 conditions in the Protective Order. *See* Dkt. 62, 63. As Plaintiff requests the Court order non-

24

REPORT AND RECOMMENDATION - 4

parties to act and he has not demonstrated how any of the named Defendants are responsible for the allegations in the Motion, the Motion should be denied.

Nevertheless, the Court notes it is concerned with Plaintiff's claim of denial of access to his discovery materials as Plaintiff's case is currently pending in this Court, discovery is ongoing, and dispositive motions are due in April 2021.[3] *See* Dkt. 68. However, Plaintiff will need to file a separate civil rights action to pursue his claim after he has exhausted his administrative remedies.

## CONCLUSION

Plaintiff's Motion seeks relief against non-parties. Accordingly, the Court recommends the Motion (Dkt. 55) as to Plaintiff's request for a preliminary injunction be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on February 26, 2021, as noted in the caption.

Dated this 4th day of February, 2021.

David W. Christel
United States Magistrate Judge

---

[3] While the Court is cognizant that Plaintiff's allegations are against non-parties, the Court also notes there are ways for Plaintiff to view the surveillance video recording without compromising safety and security of the prison or other inmates. For example, Plaintiff could be permitted to view the surveillance video recording in his counselor's office under supervision of DOC staff for a limited period of time. *See e.g.* Dkt. 64 at 6 (Affidavit of Robert E. Johnson).