UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY LLOYD,<br><br>              Plaintiff,<br><br>  v.<br><br>SHAWN BUZELL, ROCHA PASCUAL, KEITH A. HALL,<br><br>              Defendants. | CASE NO. 3:19-CV-6239-BHS-DWC<br><br>ORDER |

The District Court referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Before the Court is Plaintiff's Motion to Appoint Counsel.[1] Dkt. 67.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may

---

[1] Plaintiff filed two identical Motions, which the Clerk docketed as one Motion and included all exhibits. *See* Dkt. 67.

ORDER - 1

appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In Plaintiff's Motion, he states his First Amendment right to receive mail is being impinged upon by Coyote Ridge Corrections Center ("CRCC") mailroom employees, who are not named defendants in this matter. Dkt. 67 at 3. Plaintiff states he needs an attorney to help him obtain a discovery of a video recording. *Id.* at 3-5. In sum, Plaintiff seeks the appointment of counsel to assist him with discovery. *Id.*

At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown he is likely to succeed on the merits of his case or shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. For example, Plaintiff clearly articulated his claims in his Amended Complaint and various motions filed with the Court. *See* Dkt. 5, 26, 55. The Court also notes "Plaintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009).

1. With respect to Plaintiff's allegations he is being denied access to discovery materials, as noted by the Honorable Benjamin H. Settle in his Order Adopting the undersigned's Report and Recommendation, CRCC Superintendent Jeffrey Uttecht will allow Plaintiff to review the video recording if Defendants believe it is necessary and make a request to the prison. Dkt. 76 at 3 (citing Dkt. 72 at 10). Judge Settle indicated Defendants should make such request so Plaintiff may have appropriate access to relevant discovery materials, subject to the protective order. *See* Dkt. 76 at 3 (citing Dkt. 45); *see also* Dkt. 46 (order granting protective order).

Therefore, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time. Accordingly, Plaintiff's Motion (Dkt. 67) is denied without prejudice.

Dated this 23rd day of March, 2021.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge