UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY LLOYD, <br><br> Plaintiff, <br><br> v. <br><br> SHAWN BUZELL, ROCHA PASCUAL, KEITH A. HALL, <br><br> Defendant. | CASE NO. 3:19-CV-6239-BHS-DWC <br><br> ORDER GRANTING MOTION FOR RECONSIDERATION AND DIRECTING *PRO BONO* COORDINATOR TO IDENTIFY *PRO BONO* COUNSEL |

The District Court referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. On March 23, 2021, the Court denied Plaintiff Larry Lloyd's Motion for Appointment of Counsel. *See* Dkt. 77. On April 22, 2021, Plaintiff filed a Motion for Reconsideration, requesting the Court reconsider its denial of Plaintiff's request for Court-appointed counsel. Dkt. 82. After review of the record, the Court grants Plaintiff's Motion for Reconsideration (Dkt. 82) and appoints counsel from the Western District Pro Bono Panel to represent Plaintiff in this matter.

## I. Discussion

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Here, Plaintiff contends he is unable to view discovery materials. Specifically, Plaintiff has been unable to view a CD/DVD that contains video of the alleged excessive use of force at issue in this case. *See* Dkt. 82. Defendants' counsel has submitted evidence showing they have requested the Washington State Department of Corrections ("DOC") allow Plaintiff access to view the discovery materials. Defendants' counsel requested Plaintiff have access to view the evidence beginning in November of 2020. *See* Dkt. 89, Fredsti Dec., ¶¶ 3-5. Defendants renewed their request that Plaintiff be allowed to view the discovery materials in March of 2021. *See id.* at ¶¶ 7-8. On April 9, 2021, after filing a Motion for Summary Judgment, Defendants' counsel

informed the DOC that a dispositive motion had been filed and that Plaintiff should be allowed to view the discovery materials. *Id*. at p. 31.

The Court understood the DOC would facilitate Plaintiff's viewing of the discovery materials after Defendants' counsel requested Plaintiff be allowed to view the discovery. *See* Dkt. 76, p. 3. However, the DOC has continued to deny Plaintiff the ability to view his discovery materials. *See* Dkt. 86; *see also* Dkt. 89, Fredsti Dec., ¶¶ 6-9 Therefore, the Court concludes exceptional circumstances exist in this case which allow the Court to assist Plaintiff in securing counsel.

While the Court lacks the authority to require counsel to represent indigent prisoners in a § 1983 case, *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989), the Court may request voluntary assistance of counsel pursuant to 28 U.S.C. §1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). In this case, the Court finds the interest of justice will best be served if counsel from the Western District Pro Bono Panel is appointed to represent Plaintiff in this matter. *See Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam) (stating that appointment of counsel may be justified when a proceeding will go forward "more efficiently and effectively").

**II.     Conclusion and Directions to Clerk**

Plaintiff's Motion for Reconsideration (Dkt. 82) is granted. Plaintiff is appointed counsel, contingent on the identification of counsel willing to represent Plaintiff in this matter. The Western District of Washington's *pro bono* coordinator is directed to identify counsel to

represent Plaintiff, in accordance with the Court's General Order 16-20 ("In re: Amended Plan for the Representation of *Pro Se* Litigants in Civil Rights Actions"), Section 4.

The Court finds this matter shall be stayed while the *pro bono* coordinator attempts to identify counsel. Plaintiff's Motion for Extension of Time to Complete Discovery (Dkt. 80), Motion for a Continuance (Dkt. 81), and Motion to Continue (Dkt. 86) are denied without prejudice. Once it has been determined that the Court will be able to appoint an attorney to represent Plaintiff, the Court will issue any additional appropriate orders.

The Clerk is directed to stay this case. The Clerk is further directed to terminate the noting date on Defendants' Motion for Summary Judgment (Dkt. 78). When the stay is lifted, the Court will re-note the pending Motion for Summary Judgment and Plaintiff may move for an extension of time.

Dated this 13th day of May, 2021.

David W. Christel
United States Magistrate Judge