UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY LLOYD,<br><br>            Plaintiff,<br><br>   v.<br><br>SHAWN BUZELL, ROCHA PASCUAL, KEITH A. HALL,<br><br>            Defendant. | CASE NO. 3:19-CV-6239-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: March 18, 2022 |

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently pending before the Court is Defendant Shawn Buzzell, Pascual Rocha, and Keith Hall's Motion for Summary Judgment. Dkt. 78.

After reviewing the relevant record, the Court finds Plaintiff has failed to provide admissible evidence that shows a genuine issue of material fact exists in this case. Accordingly, the Court recommends Defendants' Motion for Summary Judgment (Dkt. 78) be granted and this case be closed.

## I. Background

Plaintiff, a pretrial detainee housed at the Kitsap County Jail ("the Jail") during all relevant times, alleges Defendants Buzzell and Rocha, employees of the Jail, used excessive force against Plaintiff in violation of Plaintiff's Fourteenth Amendment rights. Dkt. 26. Further, Plaintiff alleges Defendant Hall, who is Defendants Buzzell and Rocha's supervisor, failed to intervene when Defendant Buzzell to use excessive force against Plaintiff. *Id*. Plaintiff also asserts state law claims of assault and battery. *Id*.

Defendants filed the Motion for Summary Judgment on April 9, 2021. Dkt. 78; Dkt. 79 (supporting evidence). After the Court granted multiple extensions of time to respond to the Motion and appointed counsel to represent Plaintiff, Plaintiff filed a response to the Motion for Summary Judgment on February 14, 2022. Dkt. 116; *see also* Dkt. 93, 102, 105, 110, 115. Defendants filed their Reply on February 18, 2022. Dkt. 118.

## II. Standard of Review

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a

material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III.  Admissible Evidence

"To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56." *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) (citing *Celotex Corp.*, 477 U.S. at 324). Under Rule 56, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed.R.Civ.P. 56(c)(4).

Initially, the Court notes the record in this case is lengthy and all parties are represented by counsel. Therefore, the Court will consider only the materials cited in the Motion for Summary Judgment, Response, and Reply. *See* Fed. R. Civ. P. 56(c)(3) ("[t]he court need consider only the cited materials ...").[1]

In support of the Motion for Summary Judgment, Defendants provide the declaration of non-party Lieutenant Genie Elton. Dkt. 79. Lt. Elton conducted an internal review of Plaintiff's complaint that Defendants Buzzell and Rocha used excessive force against Plaintiff on September 12, 2018 at the Jail ("the incident"). *Id*. Lt. Elton attached a copy of her Kitsap County Sheriff Employee Complaint investigation report ("the report") to her declaration. *Id*. at

---

[1] Plaintiff's Amended Complaint is signed under penalty of perjury. Dkt. 26. Because the parties did not cite to Plaintiff's statements in the Amended Complaint to support their positions, the Court will not consider the Amended Complaint in ruling on the Motion for Summary Judgment.

7-27. The report includes Lt. Elton's detailed review of video surveillance of the incident,[2] summaries of her interviews with individuals involved in the incident and of Plaintiff's disciplinary hearing, and her conclusion regarding whether the force used by Defendants was reasonable. Dkt. 79 at 7-27. Lt. Elton also attached officer statements to her declaration. *Id*. at 29-44. Lt. Elton states that, while the officers' statements are not signed, the statements were filed and signed electronically under penalty of perjury. Dkt. 79, Elton Dec., ¶ 8.

Plaintiff does not object to any of Defendants' evidence and does not dispute that the officers' statements were made under penalty of perjury. *See* Dkt. 116. The Court finds Lt. Elton's declaration satisfies the requirements of Rule 56 and, as Plaintiff does not object to the evidence, the Court will consider Lt. Elton's declaration and attachments as evidence. *See Fed. Deposit Ins. Corp. v. New Hampshire Ins. Co.,* 953 F.2d 478, 485 (9th Cir. 1991) (failure to object to defects in evidence constitutes a waiver).

In response to the Motion for Summary Judgment, Plaintiff submitted his own declaration. Dkt. 116-1. The majority of Plaintiff's declaration is inadmissible because it is not based on Plaintiff's personal knowledge. For example, Plaintiff's declaration contains multiple statements testifying as to what a video shows or what a person would see "if [they] watched the video." *See id*. at ¶¶ 9, 11-12, 15. Plaintiff's declaration does not state what video he is referring to nor does he state he reviewed the unidentified video. *See* Dkt. 116-1. Plaintiff also failed to show he is competent to testify about conclusions regarding the content of the video. The Court declines to consider statements in Plaintiff's declaration that are not based on Plaintiff's personal knowledge or on which he has not shown he is competent to testify, including Plaintiff's

---

[2] Both parties reference a video in their declarations; however, neither Defendants nor Plaintiff submitted a video to the Court as evidence.

REPORT AND RECOMMENDATION - 4

statements related to the contents of "the video" and his legal conclusions. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment."); Fed.R.Civ.P. 56(c).

**IV.    Discussion**

Defendants contend they are entitled to summary judgment because no genuine issue of material fact exists regarding Plaintiff's claims of (1) excessive force and (2) assault and battery. Dkt. 78.

    A.    *Excessive Force*

        1.    Evidence

Defendants' evidence shows Plaintiff was involved in a verbal altercation with another inmate, Skyler Calhoun, in the Central D Unit on September 12, 2018. Dkt. 79 at 36. Defendant Buzzell removed Inmate Calhoun from the unit and Inmate Calhoun informed Defendant Buzzell that Plaintiff was demanding payment to allow Inmate Calhoun's cellmate to sit at the same table as Plaintiff. *Id*. Inmate Calhoun stated he was tired of Plaintiff. *Id*. Because Plaintiff had a significant history of disciplinary problems, Defendant Hall decided to move Plaintiff to Central A Unit to avoid further problems in Central D Unit. *Id*.

Defendant Buzzell informed Plaintiff he was moving units and instructed Plaintiff to pack his belongings. Dkt. 79 at 29-30. Plaintiff began arguing with Defendant Buzzell and asked Defendant Buzzell if he was "fucking with him.". Dkt. 79 at 29-30, 36. While talking with Defendant Buzzell, Plaintiff turned toward Defendant Buzzell in an aggressive manner. *Id*. at 30.

Defendant Buzzell believes he grabbed Plaintiff's right wrist in a wrist lock and placed Plaintiff onto the tabletop. Dkt. 79 at 30. Non-party Officer McCallum and Defendant Buzzell

applied handcuffs to Plaintiff and escorted Plaintiff to the Central A Unit. *Id*. "[Plaintiff] was actively trying to resist [the officers] efforts to move him out of the Unit." *Id*.

During the escort, Plaintiff "was continuously yelling at and threatening the officers and pushing against them." Dkt. 79 at 36. "While in between Central D and A, [Plaintiff] continued to actively resist the officers escorting him by attempting to shake their hands from his arms, and turn around[.]" *Id*. at 35.

When Plaintiff entered Central A Unit, Plaintiff again actively resisted the officers' escort by tensing up and attempting to tug away from and turn towards the officers. Dkt. 79 at 34, 35. Additional officers assisted in controlling Plaintiff. *See id*. at 33, 34. The officers placed Plaintiff against the wall to control his active resistance. *Id*. at 34, 35. Plaintiff then pushed off the wall with his foot and, as a result, Plaintiff's legs became wrapped around Defendant Rocha's legs. *Id*. Both Defendant Rocha and Plaintiff fell to the ground. *Id*. at 32, 35. Once on the ground, Plaintiff continued to flail his arms, kick his legs, and try to escape the officers' control. *Id*. at 32, 34, 35. Defendant Rocha lost control of one of Plaintiff's legs and had to use a figure-four hold to prevent Plaintiff from further kicking. *Id*. As Plaintiff continued kick his legs, Defendant Rocha delivered one knee strike to Plaintiff's right thigh. *Id*.

After regaining control, the officers helped Plaintiff to his feet and Defendant Buzzell and Officer McCallum began to escort Plaintiff to the South pod for housing. Dkt. 79 at 35. Plaintiff began to actively resist again by tensing his body and attempting to pull away from the officers to face them. *Id*. at 34, 35. The officers placed Plaintiff against the wall to control Plaintiff's active resistance. *Id*. He was then escorted to South B Cell 2 for housing. *Id*. at 34.

Defendant Hall told Lt. Elton that he watched the escort from outside of the unit and nearly interceded as the situation escalated, but Defendant Buzzell and Officer McCallum were

able to handle it. Dkt. 79 at 20. Defendant Hall also stated that, as additional staff arrived on the scene, he ensured they did not intervene as the staff involved appeared to be able to gain control of situation without additional help. *Id*.

As a result of the incident, Plaintiff was charged with and found guilty of committing an act or refusing to follow the order of staff that substantially disrupts jail operations. Dkt. 79 at 18-19.

After completing her investigation, Lt. Elton concluded the "staff used enough force to gain control of the situation, and no more." Dkt. 79, Elton Dec., ¶ 9; Dkt. 79 at 27.

Plaintiff's admissible evidence states he did not resist and only asked why the staff was "fucking with him." Dkt. 116-1, Lloyd Dec., ¶¶ 5, 9. Plaintiff also states that he "was handcuffed and being escorted by more than one Corrections Staff and then thrown against a wall and onto the ground." *Id*. at ¶ 13. As a result of the incident, Plaintiff suffered physical injuries. *Id*. at ¶ 3.

    2. <u>Legal Standard</u>

The Fourteenth Amendment Due Process Clause protects pretrial detainees from excessive force. *Kingsley v. Hendrickson,* 135 S.Ct. 2466, 2470 (2015). To prevail on such a claim, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 2473. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case,'" without regard to the officers' underlying intent or motivation. *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court must weigh the circumstances from the viewpoint of a reasonable officer at the scene and "account for the legitimate interests that stem from the government's need to manage the facility in which the individual is detained, appropriately deferring to policies and practices that in the judgment of jail officials are needed to preserve internal order and discipline and to maintain institutional

security." *Id.* (internal quotation and citation omitted). In assessing reasonableness, the Court may consider "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.*

### 3. Defendant Buzzell

The evidence shows Defendant Buzzell was instructed to move Plaintiff to a different housing unit.[3] When Defendant Buzzell notified Plaintiff he was going to be moved to a different housing unit, Plaintiff was aggressive toward Defendant Buzzell and did not comply with orders. Throughout the officer escort to the new housing unit, Plaintiff actively resisted and attempted to escape the officers' control by tensing his body, flailing his arms, kicking his legs, and attempting to turn towards the officers. *See* Dkt. 79 at 29-44. Defendant Buzzell made the decision to guide Plaintiff to a wall to regain control of Plaintiff. It was immediately decided Plaintiff would be taken to the ground so the officers could maintain control of Plaintiff while he actively resisted. Dkt. 79 at 34.

---

[3]Plaintiff appears to allege for the first time in his Response that Defendant Buzzell's conduct in not allowing Plaintiff to return to his cell and moving him to a different housing unit was unreasonable and, without that action, would not have resulted in Plaintiff's resistance. Dkt 116. First, Plaintiff cannot raise new claims in a response to a motion for summary judgment. *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 965 (9th Cir. 2006) (finding that a district court need not address allegations raised for the first time in response to a motion for summary judgment if the plaintiff's "pleadings did not provide sufficient notice of those allegations."); *McNeely v. Cty. of Sacramento*, 344 Fed. Appx. 317, 319 (9th Cir. 2009) (finding § 1983 plaintiff could not raise a claim for the first time as argument in opposition to the county's motion for summary judgment). Second, despite Plaintiff's contentions in the Response, there is no evidence to indicate Defendant Buzzell made the decision to move Plaintiff. Rather, Defendant Hall decided Plaintiff should be moved. *See* Dkt. 79 at 36. Further, Plaintiff does not have any right to be housed in a particular place. *See Osegueda v. Stanislaus Cty. Pub. Safety Ctr.*, 2017 WL 202232, at *5 (E.D. Cal. Jan. 17, 2017) ("pre-trial detainees[] do not have a constitutional right to a particular classification status or housing assignment"). For these reasons, the Court finds any claim that Defendant Buzzell's conduct in instructing Plaintiff to prepare to move housing units is not actionable.

1  Plaintiff was actively resisting the officers and not complying and force was used to
2  regain control of Plaintiff as Defendant Buzzell attempted to escort him to a new cell. The
3  undisputed evidence shows Defendant Buzzell's use of force of applying handcuffs and guiding
4  Plaintiff to the wall and ground was objectively reasonable under the circumstances. *See Whitley*
5  *v. Albers*, 475 U.S. 312, 326 (1986) (a prison guard is permitted to use force "in a good faith
6  effort to maintain or restore discipline"); *Sandoval v. Douglas Cty. Jail*, 2021 WL 4889840, at *5
7  (D. Or. Aug. 23, 2021) (finding force used was objectively reasonable when the pretrial detainee
8  plaintiff stiffened up, tried to pull away, and started kicking at the officers, ending up on her back
9  on the ground when they attempted to take control of her); *Khademi v. Langes*, 2021 WL
10 107159, at *4 (E.D. Cal. Jan. 12, 2021) (granting summary judgment and finding the defendant's
11 use of force was reasonable when, after the plaintiff failed to comply with orders and physically
12 resisted defendant's orders, defendant decided to place plaintiff on the ground, where plaintiff
13 continued to resist defendant).
14  Plaintiff provides a conclusory statement that he did not resist. *See* Dkt. 116-1, Lloyd
15 Dec., ¶ 9. However, this statement alone is insufficient to overcome the specificity of the
16 evidence provided by Defendants that Plaintiff attempted to escape the officers' control and
17 actively resisted the officers by tensing his body, attempting to turn towards the officers, flailing
18 his arms, and kicking his legs. Therefore, Plaintiff's conclusory statement that he did not resist is
19 insufficient to overcome Defendants' summary judgment showing. *See Arpin v. Santa Clara*
20 *Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) (finding the plaintiff failed to meet her
21 burden of proof of providing specific facts to show that force used was unreasonable when the
22 plaintiff provided only a conclusory statement stating that she did not resist in any way).
23
24

REPORT AND RECOMMENDATION - 9

In his Declaration, Plaintiff also states that "[i]f you watch the video you can see there is no resistance and Defendant Buzzell breaks down in a foot ball (sic) stance and push toward the wall for no reason other than malice intent to cause me injury to my already injured fractured face." Dkt. 116-1, Lloyd Dec., ¶ 9. The Court has already determined that Plaintiff lacks personal knowledge to testify about the contents of an unidentified video. Thus, this statement is inadmissible. Regardless, Plaintiff's statement does not show Defendant Buzzell used excessive force against Plaintiff; he only states Defendant Buzzell pushed towards the wall – not that he pushed Plaintiff towards the wall. Further, Defendant Buzzell's underlying intent, whether "evil" or "good," will not create a constitutional violation if the force used was objectively reasonable. *See Graham v. Conner*, 490 U.S. 386, 397 (1989). Therefore, Plaintiff's statements about what someone can see in the video regarding Defendant Buzzell's conduct and intent is not admissible evidence and does not create a genuine issue of material fact.[4]

In sum, the evidence shows the force used by Defendant Buzzell to maintain control of Plaintiff while Plaintiff refused to comply and actively resisted being escorted from one housing unit to another was objectively reasonable. Plaintiff has failed to meet his burden of proof of providing specific facts to show that the force used by Defendant Buzzell was unreasonable. Therefore, the Court recommends the excessive force claim against Defendant Buzzell be dismissed.

---

[4] Defendants assert this statement creates a genuine issue of material fact regarding whether Defendant Buzzell pushed Plaintiff into the wall without justification. Dkt. 118. The Court finds Defendants' interpretation of Plaintiff's statement assumes facts not stated. Further, the Court has found this statement is inadmissible. Therefore, Defendants' assertion is inconsistent with the law and the admissible evidence before the Court.

          4.   <u>Defendant Rocha</u>

The evidence shows Defendant Rocha assisted Defendant Buzzell and Officer McCallum in escorting Plaintiff when they entered Central A Unit. Plaintiff refused to walk and started pulling away from officers while he was being escorted into Central A Unit. Dkt. 79 at 32. Plaintiff continued to pull away from officers after he was redirected to the wall and immediately to the ground. *Id*. at 32, 34. As Defendant Rocha attempted to gain control of Plaintiff's left leg, Plaintiff pushed himself off the wall with his legs. *Id*. at 32. Plaintiff made contact with Defendant Rocha's legs; Defendant Rocha lost his balance and both Plaintiff and Defendant Rocha fell and landed on their backs, with their legs tangled. *Id*.

"Once [Plaintiff] was on his stomach and [Defendant Rocha's] legs were free, [Defendant Rocha] used a figure four to control [Plaintiff's] legs." Dkt. 79 at 32. While on the ground, Plaintiff continued to flail his arms, kick his legs, and try to escape the officers' control. *Id*. at 32, 34, 35. Defendant Rocha lost control of Plaintiff's legs and delivered one knee strike to Plaintiff's right thigh to regain control. *Id*. at 32. "After [Defendant Rocha] delivered the strike[, Plaintiff] stopped kicking is legs." *Id*. Plaintiff was then escorted to the South Pod. *Id*.

When interviewed by Lt. Elton, Defendant Rocha explained that Plaintiff kicked him while Plaintiff was resisting the move to the Central A unit, but that he did not believe the kick was an intentional act against Defendant Rocha. Dkt. 79 at 24. However, at the time of the incident, Defendant Rocha did believe Plaintiff kicked him with intent. *Id*.; *see also* Dkt. 116-1, Lloyd Dec., ¶ 6. Plaintiff agrees he made contact with Defendant Rocha's legs. Dkt. 116-1, Lloyd Dec., ¶ 6.

Defendant Rocha used force to regain and maintain control of Plaintiff while Plaintiff resisted the officers' efforts to move Plaintiff to a new housing unit. The undisputed evidence

1  shows Plaintiff made contact with Defendant Rocha's legs. Plaintiff was also kicking, flailing,
2  and attempting to escape the officers' control while he was on the ground. Defendant Rocha's
3  use of force to regain control of Plaintiff while Plaintiff was actively resisting the officers was
4  objectively reasonable. *See Singanonh v. Rodriguez*, 2021 WL 2268312, at *9 (E.D. Cal. June 3,
5  2021) (finding summary judgment was appropriate when officers took the pretrial detainee to the
6  ground, restrained his feet and ankles with hands, and utilized a single precise/controlled strike
7  when the plaintiff presented a danger); *Angle v. Alameda Cty. Med. Ctr.*, 2008 WL 4937824, at
8  *6 (N.D. Cal. Nov. 17, 2008) (finding force used was necessary and reasonable when the
9  plaintiff was resisting the deputies' efforts to restrain him, trying to kick them, trying to break
10 free from them, trying to bite one deputy's leg, and refusing to comply with orders).
11       Plaintiff has not overcome Defendants' showing that no genuine issue of material fact
12 remains as to the excessive force claim alleged against Defendant Rocha. Therefore, the Court
13 recommends the excessive force claim against Defendant Rocha be dismissed.
14          5.   <u>Defendant Hall</u>
15       Plaintiff alleges Defendant Hall is liable under § 1983 because, as the supervisor, he
16 failed to intervene or directed the alleged excessive use of force. *See* Dkt. 26. A claim may not
17 be brought on the sole theory that a supervisor is liable for the acts of his or her subordinates. *See*
18 *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. New York City Dep't of Social*
19 *Servs.*, 436 U.S. 658, 691 (1978). Rather, a plaintiff must show the individual defendant
20 participated in or directed the alleged harm, or knew of the harm and failed to act to prevent it.
21 *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154
22 (1999). Further, an "officer who does not personally apply force may nonetheless be held liable
23 for excessive force where the officer had an opportunity to intervene and prevent or curtail the
24

violation (e.g., enough time to observe what was happening and intervene to stop it), but failed to do so." *Sturgis v. Brady*, 2016 WL 924859 *8, (N.D. Cal. Mar. 11, 2016).

The evidence shows Defendant Hall observed Inmate Calhoun yelling and gesturing at Plaintiff in the dayroom of Central D Unit. Dkt. 79 at 36. Due to Plaintiff's significant history of disciplinary problems, Defendant Hall chose to move Plaintiff to a separate unit to avoid further problems in Central D. *Id*. Defendant Hall directed Defendant Buzzell to rehouse Plaintiff in Central A Unit. *Id*. Defendant Hall watched the escort from outside of the unit and nearly interceded as the situation escalated, but Defendant Buzzell and Officer McCallum were able to handle it. Dkt. 79 at 20. As additional staff arrived on the scene, Defendant Hall ensured the additional staff did not intervene as the staff involved appeared to be able to gain control of situation without additional help. *Id*.

Plaintiff's evidence contains only unsupported allegations against Defendant Hall. *See* Dkt. 116-1, Lloyd Dec. In his declaration, Plaintiff states that the video shows (1) Defendant Hall look down the hall to make sure no one comes while he and Defendant Buzzell are engaging in malice acts of excessive force (*id*. at ¶ 10); (2) "Defendant Hall point[ ] to go in the unit and engage the attack and that's just what happen (sic)" (*id*. at ¶ 11); and (3) Defendant Buzzell spoke to Defendant Hall, "whom pointed in the direction to engage in excessive force" (*id*. at ¶ 12). As stated above, Plaintiff has no personal knowledge of the contents of the video he references in his declaration and the statements are inadmissible. Further, Plaintiff merely makes unsupported suppositions regarding Defendant Hall's conduct. This is insufficient to overcome Defendants' summary judgment showing. *See Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

The evidence fails to show Defendant Hall used excessive force or directed the officers to use force. Rather, Defendant Hall monitored the incident to ensure the situation did not escalate and additional assistance was not needed. Defendant Hall also ensured additional staff did not participate in using additional force because the officers involved in the incident were able to handle it. Moreover, the evidence shows Defendants Buzzell's and Rocha's use of force was objectively reasonable under the circumstances of this case. Therefore, Defendant Hall cannot be liable for failing to intervene. *See Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (holding that "a prison official can violate a prisoner's Eighth Amendment rights by failing to intervene" when *another official acts unconstitutionally*); *DeArmitt v. Clackamas Cty.*, 2019 WL 1497042, at *11 (D. Or. Jan. 18, 2019) (noting the defendants would not be liable for failing to intervene if a reasonable officer could have perceived that the officer using force was not choking the plaintiff).

There is no evidence showing Defendant Hall instructed his subordinates to use unlawful force against Plaintiff. There is also no evidence Defendant Hall used force against Plaintiff or failed to intervene when his subordinates were using excessive force against Plaintiff. Plaintiff has not submitted any admissible evidence rebutting Defendants showing that no genuine issue of material fact remains as to the claim alleged against Defendant Hall. Accordingly, the Court recommends the excessive force claim against Defendant Hall be dismissed.

B. *Assault and Battery*

Plaintiff also alleges state law claims of assault and battery against Defendants. *See* Dkt. 26. Where an officer uses reasonable force under federal constitutional standards, he is entitled to state law qualified immunity on any assault and battery claims brought under Washington law. *McKinney v. City of Tukwila*, 103 Wash.App. 391, 409 (2000) (finding officers entitled to state

law qualified immunity on assault and battery claims where the use of force was reasonable under § 1983 standards); *Goldsmith v. Snohomish Cnty.*, 558 F.Supp.2d 1140, 1156 n.8 (W.D.Wash. 2008) (same); *see also Anderson v. City of Bainbridge Island*, 472 Fed. Appx. 538, 540 (9th Cir. 2012) (affirming dismissal of state law assault and battery claims where force was not excessive). Because Defendants use of force against Plaintiff was objectively reasonable under the circumstances, they are entitled to qualified immunity on Plaintiff's assault and battery claims.

V. **Rule 56(d) Request**

In the Response, Plaintiff "requests summary judgment be denied pending completion of further investigation pursuant to Fed. R. Civ. Rule 56." Dkt. 116 at 9. It appears Plaintiff is seeking relief under Rule 56(d).

Federal Rule of Civil Procedure 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). A party requesting a continuance, denial, or other order under Fed. R. Civ. P. 56(d), must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment. *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (citing *Cal. on behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). Failure to comply with these

1 requirements "is a proper ground for denying discovery and proceeding to summary judgment."

2 *Id.* (quoting *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986)).

3 Plaintiff's request does not comply with Rule 56(d). Plaintiff has not submitted a declaration or affidavit explaining what specific evidence sought in discovery exists and is necessary to oppose summary judgment. Plaintiff's declaration states only that he be allowed to proceed to trial because he was kidnapped in September of 2021 and had no way of reaching his attorney to complete the discovery process. Dkt. 116-1, Lloyd Dec., ¶ 17. Plaintiff has provided no additional information. Further, there is evidence showing neither Plaintiff nor his counsel made any effort to pursue or seek any additional discovery since the Court lifted the stay in this case in July of 2021. Dkt. 109, Palmer Dec. at ¶ 4. For these reasons, Plaintiff has not met the requirements for a Rule 56(d) denial of summary judgment and Plaintiff's request is denied.

### VI.  IFP on Appeal

Plaintiff is proceeding *in forma pauperis* ("IFP") in this case. Dkt. 4. IFP status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3). A plaintiff satisfies the "good faith" requirement if he seeks review of an issue that is "not frivolous," and an appeal is frivolous where it lacks any arguable basis in law or fact. *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, Plaintiff fails to identify a genuine issue of material fact and the law is clear that Defendants did not violate Plaintiff's constitutional rights during the use of force incident at the Jail. As such, the Court finds any appeal would lack an arguable basis in law or fact and recommends Plaintiff's IFP status be revoked for purposes of any appeal.

### VII. Conclusion

In conclusion, the Court finds no genuine issue of material fact exists regarding Plaintiff's claims that Defendants violated his constitutional right to be free from excessive force. The Court also finds no genuine issue of material fact exists regarding Plaintiff's state law claims of assault and battery. Accordingly, the Court recommends Defendant's Motion for Summary Judgment (Dkt. 78) be granted, Plaintiff's IFP status be revoked on appeal, and this case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on March 18, 2022, as noted in the caption.

Dated this 2nd day of March, 2022.

David W. Christel
United States Magistrate Judge